UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHERIN AHMED,

                          Plaintiff,                              **COMPLAINT**

      -against-

                                                            <u>Jury Trial Demanded</u>

ASTORIA BANK F/K/A ASTORIA FEDERAL SAVINGS
AND LOAN ASSOCIATION and MAUREEN RUSSO,
*individually and in her official capacity and as aider and abettor*,

                         Defendants.
------------------------------------------------------------------------X

        Plaintiff, SHERIN AHMED, by her attorney, LAW OFFICE OF MATTHEW S. PORGES, ESQ., complaining of Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1.     This is a civil action based upon Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended; New York Executive Law §292 *et seq.*, as amended; New York City Administrative Code §8-107 *et seq.*, as amended; and any other cause of action that can be inferred from the facts set forth herein.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(3), 28 U.S.C. § 1343(4). The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff filed a formal administrative complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Right to Sue letter dated May 29, 2014. A copy of the Right to Sue letter is attached hereto as Exhibit A.

## PARTIES

5. Plaintiff Sherin Ahmed ("Ahmed") was and still is a resident of Kings County, City and State of New York. At all relevant times, Ahmed was an employee of Defendant Astoria Bank f/k/a Astoria Federal Savings and Loan Association ("Astoria Bank").

6. Defendant Astoria Bank f/k/a Astoria Federal Savings and Loan Association is a business corporation organized under the laws of the State of New York. Astoria Bank has a principal place of business at One Astoria Federal Plaza, Lake Success, New York, in the County of Nassau.

7. Defendant Maureen Russo ("Russo"), at all relevant times, was an Assistant Vice President of the Quality Control Department for Defendant Astoria Bank. As such, Russo was charged with the responsibility of ensuring that employees are not subjected to discriminatory and/or retaliatory practices. As an Assistant Vice President for Astoria Bank, Russo was and is charged with many or all aspects of Astoria Bank's operation, including, but not limited to, the hiring, firing, promotion, and discipline of employees and all other employment-related issues. Russo also had the power to make employment decisions regarding Plaintiff's employment.

2

## BACKGROUND FACTS

8. Plaintiff is an individual of the Muslim faith and of Egyptian and Arabic heritage.

9. Plaintiff commenced her employment with Defendant Astoria Bank on September 16, 2013. Plaintiff's employment included a three-month probationary period. Plaintiff was hired by Anthony Figeroux ("Figeroux"), Astoria Bank's Quality Control and Compliance Director. Defendant Russo came to be Plaintiff's supervisor during Plaintiff's employment with Defendants.

10. Throughout the course of her employment, Plaintiff's work performance was satisfactory or better.

## FACTS

11. In October 2013, Defendant Russo and Plaintiff were discussing added security measures around the recent anniversary of September 11, 2011. Russo stated to Plaintiff that that anniversary reminded Russo of the "Arabic terrorists."

12. On October 15, 2013, Plaintiff requested to take off a few hours for Eid al-Adha, a major Muslim holiday. Russo refused to grant this request.

13. In late October 2013, Russo also commented to Plaintiff that Russo did not understand why Arabic women cover their head. Plaintiff covers her head for religious reasons.

3

14. In early November 2013, Russo criticized Plaintiff for being five minutes late due to transportation issues. However, Russo permitted a similarly-situated co-worker outside of Plaintiff's protected classes to be late on multiple occasions.

15. Around the time of Thanksgiving 2013, Russo brought in chocolate for Thanksgiving and shared it with members of the department and even with members of other departments. However, Russo refused to share the chocolate with Plaintiff, even when Plaintiff asked.

16. Throughout Plaintiff's employment with Defendants, Russo continually used gestures to communicate with Plaintiff, thereby suggesting that Plaintiff did not know or understand English.

17. On December 17, 2013, after Plaintiff had completed her three month probation, Russo terminated Sherin under the general grounds of "performance."

18. However, Plaintiff had not previously been informed of any alleged issues with her performance. Plaintiff also received no warnings or other immediate discipline prior to her termination.

19. In fact, Plaintiff was one of the few employees who Figeroux had asked to work late and work on weekends, indicating that Plaintiff had been performing well.

**FIRST CAUSE OF ACTION AGAINST ASTORIA BANK**
(Title VII, New York State Human Rights Law, and
New York City Human Rights Law)

20. As described above, Defendant Astoria Bank has taken adverse employment actions against Plaintiff, subjected her to a hostile work environment, and/or maintained an atmosphere of adverse actions, based on her national origin, race, and religion.  In so doing, Defendants violated the Title VII of Civil Rights of 1964, as amended; violated the New York State Human Rights Law, as amended; and violated the New York City Human Rights Law, as amended.

21. By reason of Defendant Astoria Bank's discriminatory actions against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, and mental anguish.  Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

**CLAIMS FOR RELIEF AS AGAINST
RUSSO**
(New York State Human Rights Law and
New York City Human Rights Law)

22. Defendant Russo aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of the New York State Executive Law § 296(6) and New York City Administrative Code §8-107(6).

5

23. By reason of the foregoing, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, and mental anguish. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

WHEREFORE, Plaintiff demands judgment against all Defendants in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. The plaintiff further seeks injunctive relief, including but not limited to, the clearing of her personnel file of any wrongful disciplinary actions, immediate reinstatement, and a permanent injunction enjoining all Defendants and their agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Brooklyn, New York
      July 31, 2014

                                    Law Office of Matthew S. Porges, Esq.
                                    *Attorney for Plaintiff*
                                    641 President Street, Suite 205
                                    Brooklyn, New York 11215
                                    mspesq@mspesq.com
                                    (718) 673-2578 (Phone)

                                    _____
                                    MATTHEW S. PORGES (MP-5286)

6

# EXHIBIT A

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Sherin Ahmed<br>305 95th Street Apartment 302<br>Brooklyn, NY 11209 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-01318 | Thomas Perez,<br>Investigator | (212) 336-3778 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     Kevin J. Berry,<br>District Director     5-29-14 (Date Mailed)

cc:
Attn<br>Director, Human Resources<br>ASTORIA FEDERAL SAVINGS<br>1 Astoria Federal Plaza<br>Lake Success, NY 11020

Matthew S. Porges, Esq.<br>LAW OFFICE OF MATTHEW S PORGES, ESQ.<br>621 President Street, Suite 205<br>Brooklyn, NY 11215