

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

MY DIRECT DIAL IS: (631) 247-4629
MY EMAIL ADDRESS IS: MANCHERM@JACKSONLEWIS.COM

July 13, 2015

**VIA ECF**
Honorable Roanne L. Mann, Magistrate Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Sherin Ahmed v. Astoria Bank f/k/a Astoria Federal Savings and Loan Association et al. - 14-cv-04595 (JBW)(RLM)

Dear Magistrate Judge Mann:

This letter is submitted on behalf of Defendants in opposition to Plaintiff's application to amend her Complaint and add Anthony Figeroux as an individual defendant. Plaintiff erroneously states that her request to amend her Complaint is governed by FRCP 15(a). (DE #36). Rather, Plaintiff's application is governed by Rule 16(b). A motion to amend a complaint after the deadline must show "good cause" before proceeding to the analysis required by Rule 15. *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline"). This is because "[i]f Rule 15(a) is considered without regard to Rule 16(b), scheduling orders could be rendered meaningless and Rule 16(b) would be rendered nugatory." *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003). By Minute Entry dated November 5, 2014, Your Honor ordered, *inter alia*: "Pleadings may be amended and new parties added until December 17, 2014." (DE #17). As detailed below, Plaintiff cannot establish "good cause" to permit her disregard of the Court mandated deadline and her request should be denied.

I. **Plaintiff Cannot Establish Good Cause For Her Unreasonable Delay In Seeking To Amend The Complaint After The Court Mandated Deadline**

The "good cause" requirement is intended to ensure that "at some point both the parties and the pleadings will be fixed." *See* FRCP 16, advisory committee's notes (1983 amendment). A showing of good cause depends upon the diligence of the moving party. *See, e.g.*, Parker, 204 F.3d at 340. Plaintiff cannot demonstrate due diligence where she did not seek leave to amend until long after the deadline for amendment. *See, e.g., Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (finding the district court did not abuse its discretion in denying plaintiffs' motion to amend where plaintiffs were not diligent in seeking to amend complaint). Importantly, this standard "is not satisfied when the proposed amendment rests on information 'that the party knew or should have known, in advance of the deadline.'" *Lamothe v. Town of Oyster Bay*, 2011 U.S. Dist. LEXIS 120843, at *16 (E.D.N.Y. Oct. 19, 2011)(internal citations omitted).

Plaintiff cannot meet the good cause standard. Plaintiff filed her initial Complaint on August 1, 2014. (DE #1). Plaintiff's current counsel appeared in this action on December 16, 2014 and Plaintiff filed her Amended Complaint on December 17, 2014. Plaintiff now seeks another amendment to assert entirely new factual allegations against Figeroux and to add him as an individual defendant *over 1 year after filing her EEOC Charge; almost 1 year after filing her original Complaint; and, over 6 months*


Attorneys at Law

Honorable Roanne L. Mann
United States District Court Eastern District of New York
July 13, 2015
Page 2

*after the Court mandated deadline for amendment of pleadings and addition of parties.* Plaintiff cannot demonstrate that the deadline could not be met because all of the proposed allegations pertain to information exclusively in Plaintiff's possession. Specifically, the allegations pertain to purported misconduct by Figeroux during the term of Plaintiff's employment with Astoria. Alleging that Figueroux was the prime perpetrator of the alleged discrimination, rather than Russo, is an entirely new theory of liability. It was neither mentioned in Plaintiff's charge to the EEOC, nor in either complaint filed. It was not, and could not have been, investigated by Defendants. If there is any truth to the new allegations, Plaintiff necessarily was aware of them before she ever filed a Complaint. She either chose to purposely withhold the facts to gain some perceived advantage or her attorneys chose to ignore them. Either way, there is no claim that they constitute newly discovered evidence.[1] *See Hernandez v. Immortal Rise, Inc.*, 2013 U.S. Dist. LEXIS 56658, at *5-9 (E.D.N.Y. Apr. 19, 2013) (denying motion to amend complaint to add individual defendant of whom plaintiffs were already aware).

Plaintiff's only explanation for her nearly one (1) year delay in seeking to amend her Complaint is that: "[e]mployees warned [her] that if she included Figeroux in any lawsuits, she would never work at a bank in the same area." (DE #36). Plaintiff's reliance on the conclusory statements of others is insufficient to demonstrate good cause. Significantly, Plaintiff cites to no case law in her July 9th correspondence to suggest otherwise. Moreover, there was an Initial Conference held before Your Honor on November 5, 2014. If Plaintiff truly believed Figeroux would retaliate against her for mentioning him in her Complaint, she could have brought that to the Court's attention at that Conference (or, frankly, at any point thereafter). The Court could have addressed the issue at that time, instead of waiting until almost a year after filing her Complaint to raise these allegations for the *first time.* Plaintiff's unreasonable delay, based upon the opinions of others, is insufficient to excuse same.

As such, Plaintiff should be precluded from making her proposed amendments as she has failed to satisfy her burden of explaining her almost one year delay. *See Rent-A-Center, Inc.*, 215 F.R.D. at 104-05 (denying request to file amended complaint where plaintiff's request was made four months after the deadline).

II.   **Plaintiff's Proposed Amendment Would Be Futile.**

Plaintiff's proposed "Third Amended Complaint" adds several new allegations regarding purported statements made by Figeroux during the term of Plaintiff's employment. *See* Proposed Third Amended Complaint ¶¶ 18-23. The newly asserted allegations would be futile to support Plaintiff's Title VII claims because Plaintiff failed to exhaust her administrative remedies for those newly asserted allegations. Plaintiff made no mention of these allegations in her EEOC charge. Her failure to allege at the EEOC level denied both the EEOC and Defendants the opportunity to be aware of and investigate same. "The failure to first present a claim to the EEOC... may result in dismissal where the new claim is not reasonably related to the charge before the administrative agency." *Danials-Kirisits v. N.Y. State Office of Court Admin.*, 2013 U.S. Dist. LEXIS 58708 at *9-10 (W.D.N.Y. Apr. 24, 2013). A claim cannot be reasonably related to an EEOC Charge if it is based upon facts that occurred prior to the filing of the EEOC Charge. *See Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002) ("jurisdiction exists over Title VII claims only if they have been included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge"). Therefore, as the additional

---

[1]   Plaintiff's July 9th correspondence states: "Plaintiff now seeks to amend the Complaint based upon information recently disclosed to counsel." (DE #36). Based upon the nature of the proposed additional allegations, this "information" was known to Plaintiff at the time she filed her initial Complaint. The fact that she did not disclose this information to her attorney until "recently" is inconsequential. Defendants should not be prejudiced due to Plaintiff's lack of due diligence.



Honorable Roanne L. Mann
United States District Court Eastern District of New York
July 13, 2015
Page 3

allegations would be barred as a matter of law due to her failure to exhaust her administrative remedies, Plaintiff's proposed amendments to her Amended Complaint should be denied as futile.[2]

### III. Granting Plaintiff's Request Would Unduly Prejudice Defendants.

Plaintiff's failure to offer a valid explanation for her undue delay in filing the instant motion for leave to amend her Amended Complaint obviates the need for Defendants to demonstrate how it would be prejudiced by the granting of Plaintiff's request. *See Deere v. Goodyear Tire & Rubber Co.*, 175 F.R.D. 157, 165 (N.D.N.Y. 1997). Additionally, "the longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing prejudice." *Id.* at 166.

Notwithstanding the foregoing, the prejudicial impact of Plaintiff's proposed amendments easily meets the lenient standard for overcoming the instant request. Defendants have been denied the opportunity to investigate critical allegations at the point closest in time to the events alleged. As stated, Plaintiff failed to make these allegations even in her EEOC Charge. Rather than having the ability to seek and question potential witnesses within weeks of the events, Plaintiff's actions have caused more than 1 ½ years to elapse. In addition, it unnecessarily will delay the discovery process. The parties have already submitted multiple requests to extend the discovery deadline for various reasons to date (including one request which remains pending). Allowing Plaintiff to file her proposed Third Amended Complaint would further delay an already protracted litigation and unduly prejudice Defendants. Courts in this jurisdiction have rejected prejudicial amendments, and this Court should do so again here. *See Reach Music Publ. v. Warner/Chappell Music, Inc.*, 2010 U.S. Dist. LEXIS 78402, at *7-8 (S.D.N.Y. Aug. 3, 2010).

\*       \*       \*

For the reasons outlined above, the Court should deny Plaintiff's request for leave to amend her Amended Complaint.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kimberly N. Dobson*

Mark S. Mancher
Kimberly N. Dobson

cc:  Tahanie Aboushi, Esq. (*via* ECF)

4829-0299-2933, v. 1

---

[2] The allegations in Plaintiff's proposed Third Amended Complaint severely undermine her discrimination and harassment claims. She alleges Figeroux hired her and that she "dons the religious head scarf, known as Hijab." (Proposed Amended Complaint ¶10 and 12). It defies logic and common sense that Figeroux would hire Plaintiff, when she wore a Hijab to the interview, knowing she was Muslim, and then discriminate against her and harass her for the same reason. Grady v. Affiliated Central, Inc., 130 F.3d 553, 560 (2nd Cir. 1997) ("when the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute . . . an invidious motivation that would be inconsistent with the decision to hire.").