**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
SHERIN AHMED,

                              **Plaintiff,**

          -against-

ASTORIA BANK, et al.,

                            **Defendants.**
------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**14-CV-4595 (JBW)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-motion filed by plaintiff Sherin Ahmed

("plaintiff") on July 9, 2015, renewing a similar motion that was filed on May 21, 2015 and

denied without prejudice; plaintiff seeks permission to add a new defendant, Anthony Figeroux

("Figeroux"), along with factual allegations regarding discrminatory acts allegedly committed

by him against plaintiff.  See Second Motion to Amend (July 9, 2015) ("Pl. Motion"),

Electronic Case Filing Docket Entry ("DE") #36; see also First Motion to Amend (May 21,

2015), DE #30; Order (May 22, 2015), DE #31 (denying initial motion without prejudice).

Defendants Astoria Bank ("Astoria") and Maureen Russo ("Russo") (collectively,

"defendants") oppose the motion on two grounds:  First, that plaintiff cannot establish good

cause for failing to add these new allegations before the expiration of the court-ordered

deadline of December 17, 2014 for amending the pleadings; and second, that her proposed

amendment would be futile, in that she failed to exhaust her administrative remedies for those

newly asserted allegations.  See Response in Opposition (July 13, 2015) ("Def. Opp."), DE

#37.  Because the Court agrees with defendants that plaintiff has not shown the requisite good

cause for bringing in a new party and theory of liability at this late date, the Court need not

and does not consider whether plaintiff's proposed amendment would be futile.[1]

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on August 1, 2014, complaining that, while a

probationary employee of Astoria from September 16, 2013 to December 17, 2013, she was

subjected to discriminatory treatment and unlawful termination by Astoria and Russo on

account of her Muslim faith and Egyptian and Arabic heritage, in violation of federal and state

---

[1] As a preliminary matter, this Court concludes that it is appropriate to issue its opinion as a Memorandum and Order, rather than a Report and Recommendation. Although the Second Circuit has not yet definitively ruled on the issue, but cf. Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) (indicating in dictum that a motion to amend a complaint is "nondispositive" and governed by Fed. R. Civ. P. 72(a)); Kilcullen v. N.Y. State Dep't of Transp., 55 F.App'x 583, 585 (2d Cir. 2003) (applying Rule 72(a) standard to challenge to magistrate judge's denial of motion to amend), the "weight of authority" in this Circuit treats rulings on motions to amend pleadings as nondispositive, and subject to review under Rule 72(a) of the Federal Rules of Civil Procedure ("FRCP") -- at least where the denial of leave to amend does not foreclose potential claims. See Wilson v. City of N.Y., No. 06-CV-229 (ARR)(VVP), 2008 WL 1909212, at *3-4 (E.D.N.Y. Apr. 30, 2008) (collecting cases); see also Jean-Laurent v. C.O. Wilkerson, 461 F.App'x 18, 25 (2d Cir. Feb. 8, 2012) (where magistrate judge's order denying plaintiff leave to amend complaint effectively dismissed his previously filed state law claims, district court reviewing that order should have applied de novo review, as magistrate judge's order was dispositive as to those claims); accord Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, No. 13-CV-7187 (SJF)(SIL), 2014 WL 5502316, at *1 (E.D.N.Y. Oct. 28, 2014).

Moreover, courts have routinely applied the "clearly erroneous" standard of review where, as here, the ruling is "based on procedural grounds," such as the movant's failure to satisfy the "good cause" requirement of Rule 16 of the FRCP, rather than on a substantive evaluation of the merit of the proposed claim. See, e.g., Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd., No. 11 CV 726 (CBA)(RLM), 2012 WL 3306612, at *1-2 (E.D.N.Y. Aug. 13, 2012); Oppenheimer & Co. Inc. v. Metal Mgmt., Inc., No. 08 Civ. 3697 (LTS)(FM), 2010 WL 743793, at *1 (S.D.N.Y. Mar. 2, 2010) (citing Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749 (KMW) (DCF), 2009 WL 3467756, at *3-4 (S.D.N.Y. Oct. 28, 2009)).

law.  See generally Complaint (Aug. 1, 2014) ("Compl."), DE #1.[2]  At an initial conference

held on November 5, 2014, this Court, among other things, gave the parties until April 20,

2015 to complete fact discovery and until December 17, 2014 to amend their pleadings and add

new parties.  See Minute Entry (Nov. 5, 2014) ("11/5/14 Order"), DE #17.

On December 17, 2014, after substituting new counsel, see Notice of Consent to

Change Attorney (Dec. 16, 2015), DE #18, plaintiff timely filed an Amended Complaint

("Am. Compl."), DE #20, which is now the operative pleading.  Thereafter, the Court granted

defendants' request to extend fact discovery to June 19, 2015, and the case was sent for court-

annexed mediation.  See Electornic Order (Apr. 16, 2015).  The fact discovery deadline was

subsequently extended to July 11, 2015.  See Electronic Order (May 29, 2015).  The parties

were unable to resolve the case through mediation.  See Status Report (July 8, 2015), DE #34.

Plaintiff's proposed new pleading would add state (not federal) claims against Figeroux,

and factual allegations of purported acts of discrimination by him.  See [Proposed Second]

Amended Complaint (July 9, 2015) ("Proposed Compl."), DE #36-1.[3]  In an attempt to justify

her delay in seeking to expand her claims in this manner, plaintiff contends that after her

termination, unspecified "[e]mployees [of unspecified banks] warned Plaintiff that if she

included Figeroux in any lawsuits, she would never work at a bank in the same area."  Pl.

---

[2]  By stipulation docketed on September 30, 2014, plaintiff voluntarily dismissed her municipal
claims with prejudice.  See Stipulation, DE #12; see also Stipulation and Order (May 8, 2015),
DE #28 (dismissing municipal claims from Amended Complaint).

[3]  Although plaintiff titles the proposed pleading her "Third Amended Complaint," see
Proposed Compl., it would in fact be her *Second* Amended Complaint.

Motion at 2. Citing the Second Circuit's "permissive standard" applicable to amendments of pleadings under Rule 15 of the FRCP, see id. at 1, plaintiff "now seeks to amend the Complaint based upon information recently disclosed to counsel," id. at 1-2; see also Reply in Support (July 14, 2015) ("Pl. Reply") at 1-2, DE #38.[4]

## DISCUSSION

### I.  Applicable Legal Standard

Before reaching the merits of plaintiff's motion to amend, this Court must, as a threshold matter, identify the applicable legal standard. Plaintiff's July 9th motion implies that the dispute is governed by Rule 15 of the FRCP, see Pl. Mot. at 1 (citing caselaw under Rule 15), whereas defendants posit that Rule 16 applies. See Def. Opp. at 1.

Typically, once an answer is served, Rule 15 allows a plaintiff to amend her complaint "only with the opposing party's written consent or the court's leave."[5] Fed. R. Civ. P. 15(a)(2). A court should "freely give" leave to amend "when justice so requires." Id.;

---

[4]  The Court has elected to consider plaintiff's reply letter, even though it was filed without leave of the Court. See generally Electronic Order (July 10, 2015) (advising that, "[i]f the Court desires a reply . . . , it will issue an appropriate order").

[5]  Although plaintiff has framed her motion as one to amend (presumably under Rule 15), she also seeks to add a new party, which implicates Rules 20(a) and 21 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 20(a), 21. Regardless, "there is in practical terms little difference" among the three rules. See Nielsen Co. (US), LLC v. Success Sys., Inc., No. 11 Civ. 2939(BSJ)(FM), 2012 WL 3526625, at *5 (S.D.N.Y. Aug. 13, 2012) (quoting Savine-Rivas v. Farina, No. CV-90-4335 (CPS), 1992 WL 193668, at *2 (E.D.N.Y. Aug. 4, 1992)) (collecting cases); see also Lawrence v. Starbucks Corp., No. 08 Civ. 3734(LTS)(JCF), 2009 WL 4794247, at *3 n.4 (S.D.N.Y. Dec. 10, 2009) ("Although the Second Circuit has not spoken directly on the issue, courts have found that the good cause standard of Rule 16 should be applied to requests to add parties under Rule 21 after a deadline in a scheduling order.") (citing Int'l Media Films Inc. v. Lucas Entm't, Inc., No. 07 Civ. 1178(JGK)(FM), 2008 WL 781823, at *1-3 (S.D.N.Y. Mar. 20, 2008)).

Anderson News, LLC v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Nevertheless, where, as here, a court has set a scheduling order pursuant to Rule 16, the court first must address whether the party seeking to amend has shown "good cause" for modifying that scheduling order. See Fed. R. Civ. P. 16(b)(4); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243-44 (2d Cir. 2007); accord Gullo v. City of N.Y., 540 F.App'x 45, 46-47 (2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers). One purpose of Rule 16 is to "offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983)). If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15. See Kassner, 496 F.3d at 244.

Plaintiff concedes, as she must, that this Court issued a scheduling order, pursuant to Rule 16 of the FCRP, that included December 17, 2014 as the deadline for the parties to amend their pleadings and add new parties. See 11/5/14 Order; Pl. Motion at 1. Consequently, Rule 16 governs this dispute, and the issue of whether plaintiff has satisfied the liberal standard of Rule 15(a) of the FRCP need not be reached unless plaintiff first establishes "good cause" under Rule 16 for amending her pleading after the court-ordered deadline. For the reasons that follow, the Court concludes that she has not.

**II.     Whether Plaintiff Has Established "Good Cause" to Amend Her Pleading**

Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the movant's burden to establish good cause. See Parker, 204 F.3d at 340; Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02 Civ. 1230(LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted). A party has not acted diligently where the proposed amendment to the pleading is based on information "that the party knew, or should have known," in advance of the deadline sought to be extended. See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F.Supp.2d 453, 457 (S.D.N.Y. 2012) (quoting Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (collecting cases), aff'd, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009)). Although diligence is the primary focus of a "good cause" analysis, a court may, in its discretion, also consider other factors, such as whether "allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244.

Here, plaintiff has failed to satisfy Rule 16's good cause standard. As defendants correctly note, see Def. Opp. at 2, all of the factual allegations that plaintiff seeks to add in support of her proposed state claims against Figeroux involve statements that Figeroux allegedly made to plaintiff during her tenure at Astoria. See Proposed Second Am. Compl. ¶¶ 18-23. Clearly, this information has long been known to plaintiff. That current counsel of record may have only recently learned this information is not the issue: The relevant inquiry

under Rule 16 is whether "the *party* knew, or should have known," the information sought to be added to the pleading. See, e.g., Perfect Pearl, 889 F.Supp.2d at 457 (emphasis added). Plaintiff cannot be said to have acted diligently where she and her current counsel waited almost half a year before discussing the role, if any, played by Figeroux in the alleged discriminatory treatment. Even assuming *arguendo* that plaintiff somehow feared retaliation if she brought claims against Figeroux, see Pl. Motion at 2,[6] while apparently having no such trepidation about naming Astoria and Russo as defendants, she nevertheless should have disclosed that information to her counsel, who could then have taken appropriate steps to protect her interests. See Def. Opp. at 2.

Simply put, good cause and diligence under Rule 16 do not turn on when a plaintiff first becomes *motivated* to amend and/or add a party, but rather when that plaintiff learns of facts that form the basis for her new claims. See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip. Ltd., No. 11-CV-726 (CBA), 2012 WL 2458060, at *7 (E.D.N.Y. June 27, 2012) (collecting cases), aff'd, 2012 WL 3306612 (E.D.N.Y. Aug. 13, 2012). As plaintiff was aware of the "new" facts at the time they occurred, her explanation for failing to effect the disputed amendments prior to the December 17th deadline falls far short of a showing of good cause.

Equally unavailing is plaintiff's contention that defendants would not be prejudiced by

---

[6] As noted above, plaintiff's July 9th motion avers that unidentified "[e]mployees warned Plaintiff that if she included Figeroux in any lawsuits, she would never work at a bank in the same area." Pl. Motion at 2. In her reply, this unattributed hearsay is inexplicably recast to reference "Figeroux threatening to sabotage Plaintiff's ability to secure full time permanent employment if she files suit against him . . . ." Pl. Reply at 2.

the proposed amendment, on the ground that the case "is in the early stages of discovery." Pl.

Reply at 3. This assertion ignores the fact that, following two court-authorized extensions, fact

discovery ended on July 11, 2015.[7] Moreover, plaintiff's proposed pleading not only adds a

new defendant but substantially alters the theory of the case,[8] and does so long after the court-

ordered deadline for making such amendments. Contrary to plaintiff's conclusory assertion,

unless the Court is constrained to reopen discovery, defendants would *not* "have ample time to

investigate the allegations against Figeroux and to serve any supplemental demands," Pl. Reply

at 3. Thus, even if the absence of prejudice to the non-moving party required the Court to

allow the amendment -- and it does not, see Kassner, 496 F.3d at 244 -- plaintiff's assertion

that defendants will not be prejudiced by the proposed amendments is factually unfounded. In

light of plaintiff's meager justification for her protracted delay in seeking to amend, the Court

is not inclined to expand the entire pretrial schedule to accommodate her change in strategy.

---

[7] The Court denied without prejudice plaintiff's request to extend discovery to October 30, 2015. Order (July 9, 2015), DE #35. Yesterday, defendants filed a similar request, citing the need for additional discovery if plaintiff's motion to amend is granted. See Letter Motion for Extension of Time (July 15, 2015) at 2, DE #39. That motion is still pending.

[8] Notably, the operative pleading contains factual averments portraying Figeroux in a favorable light -- i.e., describing him as the person who hired plaintiff, see Am. Compl. ¶ 10, and who "asked [plaintiff] to work late and work on weekends, indicating that plaintiff had been performing well," id. ¶ 25.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion to amend her complaint is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**July 16, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**