MANDATE

16-1389-cv
Ahmed v. Astoria Bank

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

SHERIN AHMED,

*Plaintiff-Appellant*,

v.                                                          No. 16-1389-cv

ASTORIA BANK, FKA ASTORIA FEDERAL SAVINGS
AND LOAN ASSOCIATION,

*Defendant–Appellee*,

MAUREEN RUSSO, individually and in her
official capacity and as aider and abettor,

*Defendant*.

------------------------------------------------------------------

MANDATE ISSUED ON 06/02/2017

| | | |
|---|---|---|
| FOR APPELLANT: | | FRED R. PROFETA, JR., Profeta & Eisenstein, New York, NY. |
| FOR APPELLEE : | | MARK S. MANCHER (Kimberly N. Dobson, *on the brief*), Jackson Lewis P.C., Melville, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

Plaintiff Sherin Ahmed appeals from a judgment of the District Court (Weinstein, J.) granting summary judgment in favor of defendants Astoria Bank and Maureen Russo.  In this appeal, Ahmed challenges only the dismissal of her hostile work environment claim against Astoria Bank under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Ahmed argues that she adduced sufficient evidence from which a reasonable jury could find that she was subjected to a hostile work environment because she is Egyptian and Muslim. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

As a threshold issue, Astoria Bank argues that Ahmed's affirmation, submitted in opposition to Astoria Bank's motion for summary judgment, should not be considered because it contradicts Ahmed's prior deposition testimony. In particular, Astoria Bank contends that (1) Ahmed testified to only two instances in which a senior supervisor at Astoria Bank, Anthony Figeroux, made comments about Ahmed's hijab, while her affirmation states that Figeroux "constantly told [her] to remove [her] hijab," and (2) Ahmed testified that Russo used hand gestures when speaking to Ahmed in everyday conversation but did not describe the frequency of the conduct, while her affirmation states that Russo "continually used gestures to communicate" with Ahmed and also spoke to her "very slow[ly]." We disagree.

"The 'sham issue of fact' doctrine prohibits a party from defeating summary judgment simply by submitting an affirmation that contradicts the party's previous sworn testimony." Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 205 (2d Cir. 2014) (quotation marks and emphasis omitted). But the doctrine does not apply where, as here, the statements in the deposition do not contradict the affirmation, or where the affirmation addresses an issue that was not

"thoroughly or clearly explored" during the deposition.  In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 758 F.3d 202, 213 (2d Cir. 2014).

Ahmed's deposition testimony about Figeroux concerned Figeroux's conduct at another bank prior to Ahmed's tenure at Astoria Bank.  That testimony does not contradict Ahmed's statements that Figeroux "constantly" commented on her hijab and made several other offensive comments while she worked at Astoria Bank.  As for Russo, Ahmed testified, consistent with her affirmation, that Russo used her hands for "anything she [had] to discuss" with Ahmed and that Russo used gestures "during her conversation[s] with" Ahmed.  Accordingly, Ahmed's affirmation was properly before the District Court on summary judgment.

We turn next to the grant of summary judgment.  As the District Court itself recognized, the evidence in this case is "right on the knife's edge of either granting [summary judgment] or allowing [the case] to go to the jury."  Viewing the evidence in the light most favorable to Ahmed, we conclude that a reasonable jury could find that Ahmed was subjected to discriminatory harassment that was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment, and that a specific basis exists for

4

imputing the objectionable conduct to [Astoria Bank]." Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015) (quotation marks omitted). There was admissible evidence that Figeroux (1) "constantly" told Ahmed to remove her hijab, which he referred to as a "rag," (2) demeaned Ahmed's race, ethnicity, and religion "[o]n several occasions," and (3) made a comment during Ahmed's interview on September 11, 2013 that Ahmed and two other Muslim employees were "suspicious" and that he was thankful he was "in the other side of the building in case you guys do anything." This evidence, together with the evidence of Russo's comments and conduct as Ahmed's supervisor, could lead a reasonable jury to find that Ahmed was subjected to "a steady barrage of opprobrious racial" and anti-Muslim comments and conduct constituting a hostile work environment. Id. (quotation marks omitted).

For the foregoing reasons, the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5